UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Olivier Jouin, <br><br> Plaintiff <br><br> v. <br><br> Greater Nevada Windows and Doors, LLC, et al., <br><br> Defendants | Case No. 2:25-cv-00971-CDS-DJA <br><br> Order Granting Defendants' Unopposed Motion to Transfer Venue <br><br><br> [ECF No. 32] |

    Plaintiff Olivier Jouin brings this employment discrimination and retaliation suit against Greater Nevada Windows and Doors, LLC, Esler Companies, LLC, and Renewal by Andersen, LLC. Defendants Greater Nevada Windows and Doors, LLC and Esler Companies, LLC move to transfer this action to the unofficial Northern Division of the United States District Court for the District of Nevada because the facts giving rise to this action took place in Washoe County. Mot., ECF No. 32. Jouin does not oppose transfer. *See* Defs.' Ex. A, ECF No. 32-1. Renewal by Anderson did not file a response; however, the defendants assert that it is not opposed. ECF No. 32 at 3.

I.    Discussion

    The defendants argue that venue does not properly lie in the District of Nevada's unofficial Southern Division because the events allegedly arose in northern Nevada. ECF No. 32. The defendants further contend that Jouin's "original intent was for this case to be tried in the unofficial Northern Division." *Id.* at 3. They therefore seek to transfer this suit to the unofficial Northern Division under "LR IA 8-1(a)." *Id.*

    Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Given that the events giving rise to Jouin's claims occurred in Washoe County, venue properly lies in the District of Nevada. However, the State of Nevada constitutes one judicial district with two unofficial divisions: the

Southern Division and the Northern Division. Local Rule IA 1-6. Washoe is part of the Northern Division. *Id.* The local rules require that all civil actions "be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose." Local Rule IA 1-8(a). From there, the court may—in its discretion, "[u]pon motion, consent or stipulation of all parties"— transfer the civil action "to any other division in the same district." 28 U.S.C. § 1404(b).

Although Jouin alleges that a substantial part of the events giving rise to his claims occurred in Washoe County, Nevada (ECF No. 1 at 2, ¶ 3), he filed his complaint in the clerk's office for the unofficial Southern Division. Nonetheless, I agree that this action should be tried in the unofficial Northern Division of the United States District Court, District of Nevada. Jouin's complaint clearly states that he "is and was at all relevant times herein, a resident of Washoe County, Nevada." *Id.* at 2, ¶ 5. And, as argued by the defendants, the evidence and witnesses necessary to adjudicate this case are in and around Washoe because that is where all relevant events took place. For these reasons, the Southern Division "lacks a significant connection to the activities alleged in the complaint." *Editorial Planeta Mexicana, S.A. de C.V. v. Argov*, 2012 U.S. Dist. LEXIS 102029, *13 (D. Nev. July 23, 2012). Accordingly, pursuant to Local Rule IA 1-8(a), and my discretion under 28 U.S.C. § 1404(b), I grant the defendants' unopposed motion to change venue and transfer this case to the District of Nevada's unofficial Northern Division.

II. Conclusion

IT IS HEREBY ORDERED that the defendants' unopposed motion to change venue **[ECF No. 32] is GRANTED**.

The Clerk of Court is kindly instructed to transfer this case to the District of Nevada, unofficial Northern Division, retaining District Judge Cristina D. Silva as presiding judge and assigning a new magistrate judge located in the Northern Division.

Dated: December 3, 2025

_____
Cristina D. Silva
United States District Judge